960 So.2d 828 (2007)
William J. HOLMES and Judith A. Holmes, Appellant,
v.
MARION COUNTY, Appellee.
No. 5D06-3225.
District Court of Appeal of Florida, Fifth District.
June 29, 2007.
Rehearing Denied July 25, 2007.
Craig B. Willis, of Fixel Maguire & Willis, Tallahassee, for Appellant.
Thomas L. Wright, County Attorney, and Thomas D. MacNamara, Chief Assistant County Attorney, Ocala, for Appellee.
LAWSON, J.
William J. and Judith A. Holmes, past owners and operators of a construction and debris landfill, appeal from a final judgment denying their claim for damages under the Bert J. Harris, Jr. Private Property Rights Protection Act, ("Bert Harris Act"), section 70.001, Florida Statutes (2006). We affirm.
The Holmes purchased a forty-six-acre parcel of property in Marion County, Florida, in 1986. A portion of this property *829 had been used as a sand and clay mining site, authorized under Marion County's land use and zoning regulations as a permitted use of agricultural land. The Holmes continued this use until 1992, when they sought to convert the mined land to a landfill. Although they began accepting fill prior to receiving the appropriate permits, the Holmes ultimately did secure a five-year operational permit for a construction and demolition landfill from the Department of Environmental Protection, ("DEP"), and a limited special use permit to accept offsite clean fill, including construction and demolition debris, approved by resolution of the Marion County Board of County Commissioners, ("Board"), on May 18, 1993. The resolution and permit expressly provided that the authorization was for a limited duration, and would expire on May 31, 2000. To secure the permit, the Holmes had to demonstrate that the special use was compatible with surrounding land uses, was consistent with the policies and objectives of the County's comprehensive plan, and would not adversely affect the public interest. They were able to make this showing in 1993.
In 1998, the Holmes sought and received an extension of their DEP permit for another five-year period, to expire on August 24, 2003. In July of 1999, they filed an application with Marion County, seeking to extend their special land use permit for an additional three years beyond the May 31, 2000 expiration date, to August 24, 2003. At the public hearing held on the matter, a number of citizens testified in opposition to the Holmes' application. For example, adjacent landowners testified that trucks going into the landfill left debris strewn over the roads surrounding the property; that heavy dust filled the air as a result of the truck traffic and landfill operation; that noise from the landfill interfered with the peaceful enjoyment of surrounding lands; and that the landfill emitted noxious fumes that blanketed the area. Considering all of the evidence, the Board found that the Holmes had not met their burden of demonstrating that extension of the special use would be compatible with surrounding land uses and would not adversely affect the public interest. Based upon these findings, the Board denied the application.
On October 12, 2000, the Holmes filed a claim under the Bert Harris Act against Marion County, claiming $2.6 million in damages based upon their inability to continue the landfill operation beyond expiration of the 1993 special use permit. It appears undisputed that the Holmes would have made at least an additional $1.5 million on the sale of their property if the special use permit had been extended for an additional three years. Therefore, there is no dispute that the inability to operate a landfill on the property beyond expiration of the original special use permit resulted in a substantial "loss" to the Holmes.[1] The only question is whether this loss is compensable under the Bert Harris Act.
As explained in Osceola County v. Best Diversified, Inc., 936 So.2d 55, 58 n. 3 (Fla. 5th DCA 2006), the Bert Harris Act "creates a separate and distinct cause of action for property owners where governmental regulation has `inordinately burdened' the property, but does not amount to a `taking' under the Florida or federal constitutions." An "inordinate burden" is defined by the Act, in relevant part, as governmental action limiting the use of real property "such that the property owner is permanently unable to attain the reasonable, investment-backed expectation *830 for the existing use of the real property or a vested right to a specific use" of the property. § 70.001(3)(e), Fla. Stat. (2006).
The Holmes acknowledge that the time-limited special use permit did not create a vested right to continue using their property as a landfill beyond expiration of the permit. In seeming contradiction, however, they argue that since they were lawfully operating a landfill when the Bert Harris Act became law, the landfill became an "existing use" that the County had to automatically re-permit indefinitely to avoid liability under the Act. We reject this argument for the simple reason that issuance of a time-limited permit cannot create a reasonable expectation that the specially permitted use will be allowed to continue indefinitely. Rather, the only "reasonable, investment-backed expectation" that the Holmes could have had was that they could only operate their landfill until May 31, 2000, unless they could secure a new special use permit by demonstrating that continued operation of the landfill beyond that date would be compatible with surrounding land uses; would be consistent with the County's comprehensive plan; and, would not adversely affect the public interest. When they could not make this showing, the permit extension was properly denied. Because the denial did not "inordinately burden" the Holmes' property, as that term is defined in the Bert Harris Act, the trial court properly ruled that the Holmes did not have a valid claim under the Act.
AFFIRMED.
THOMPSON and SAWAYA, JJ., concur.
NOTES
[1] Of course, it also appears undisputed that the Holmes made a great deal of money by operating their landfill for the seven-year period allowed by the special use permit.